MELVIN DANIELS *v.* WARDEN, STATE PRISON
(9908)

DALY, LANDAU and FREEDMAN, Js.

Argued March 31—decision released June 30, 1992

*Louis S. Avitabile,* special public defender, for the appellant (defendant).

*Mary H. Lesser,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Christopher Alexy,* deputy assistant state's attorney, for the appellee (state).

LANDAU, J. The petitioner, Melvin Daniels, an inmate at the state correctional institution in Somers, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. In his petition, he alleged that he was illegally confined for two reasons pertinent to this appeal.[1] He claimed that (1) he was denied effective assistance of counsel in that his trial counsel failed both to seek cautionary instructions regarding the identification of the codefendant and to request a new trial, and (2) he was denied a fair trial as a result of his being tried jointly with a codefendant, the admission of a midtrial surprise identification of the codefendant, and the trial court's charge to the jury.

The facts pertinent to this appeal are fully set forth in *State* v. *Chapman,* 16 Conn. App. 38, 39–40, 546 A.2d 929, cert. denied, 209 Conn. 827, 552 A.2d 433 (1988), but will be restated here to the extent necessary to address the petitioner's appellate claims. At approximately 9 p.m. on July 26, 1985, three young black males entered the New China restaurant in New Haven. The tallest carried a sawed-off shotgun, wore a scarf or bandanna over his face and ordered everyone not to move. One of the other two males also wore a scarf or ban-

---

[1] In his writ of habeas corpus, the petitioner also claimed that he was illegally incarcerated due to ineffective assistance of his appellate counsel. This issue was not raised by the parties in the petitioner's appeal to this court. Issues that are not briefed are deemed to be abandoned. See, e.g., *State* v. *James,* 211 Conn. 555, 588, 560 A.2d 426 (1989); *State* v. *Gaines,* 196 Conn. 395, 397–98 n.2, 493 A.2d 209 (1985).

danna over his face and the third wore a stocking mask. All three were dressed in dark clothing. They took money and jewelry from various customers and from the cash register. During the course of the robbery, the barrel of the shotgun inadvertently hit the leg of the owner of the restaurant. No shots were fired.

At approximately 10 p.m. on the same evening, a nearby gas station was robbed by two young black males, the taller one with a bandanna over his face and carrying a sawed-off shotgun and the other wearing a stocking mask. During this robbery, John Cooke, the night manager of the station, was poked in the face with the shotgun, causing his lip to bleed, and a customer was pushed against a wall. Cooke was asked to open the safe. When he replied that he did not have the combination, the perpetrators threatened to shoot him and began counting backwards from five to zero. They left the station without firing any shots. They were seen running in the direction of Fitch Street.

Shortly thereafter, two young black males entered the Convenient Food Store on the corner of Fitch and Blake Streets. The taller man wore a bandanna over his face and carried a sawed-off shotgun and the other wore a stocking mask. The taller man ordered everyone not to move and jabbed the store clerk with the gun as he attempted to push the alarm. When the clerk was unable to open the register, the gunman fired one shot into the air over the clerk's head, blowing out four lights. Both males then left.

The petitioner and two other males were apprehended and charged with two counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4) and one count of attempted robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (2) and 53a-49. At the joint trial of the petitioner and Chapman, the third participant in the robberies, James Owens, testi-

fied for the state. He described the events of the entire evening, implicating both the petitioner and Chapman. John Cooke, the gas station night manager, also testified at trial. During a recess after his cross-examination, Cooke indicated to the prosecutor that while he was testifying he recognized Chapman's eyes as those of the male who carried the shotgun. Cooke was recalled to the stand and identified Chapman, by his eyes and the shape of his head, as the taller male who carried the shotgun. Chapman's attorney objected to the identification on the grounds that the procedure was suggestive and the identification unreliable. The objection was overruled. The petitioner's attorney made no objection, nor did he request that the trial court instruct the jury that the evidence was admissible only against Chapman and not against the petitioner. The codefendant was convicted on all three counts.

On appeal to this court, the petitioner argues that the habeas court improperly concluded that because he had the benefit of two competent counsel, his trial counsel and his codefendant's counsel, and because he had failed to meet his burden of establishing that the representation by his attorney at trial was ineffective and prejudicial, he was not deprived of effective assistance of counsel. He also argues that the habeas court improperly found that "[t]he trial court's cautionary remarks at the beginning of the trial and in [its] charge should have sufficed. There is no evidence that . . . the cautionary instructions [would have been] made. Most important, there was no *certainty* that the outcome would have been different."[2] (Emphasis added.) The petitioner, therefore, asserts that the court's conclu-

[2] We note that the proper standard is that of "a reasonable probability" of a different outcome. *Strickland* v. *Washington,* 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Aillon* v. *Meachum,* 211 Conn. 352, 357, 559 A.2d 206 (1989). The habeas court's citation to an improper standard is harmless, however, in light of our conclusion regarding the petitioner's duty to demonstrate that his trial counsel's conduct was deficient.

sion that he was not denied a fair trial by being tried jointly with a codefendant or by the surprise midtrial identification of the codefendant was improper. We agree with the habeas court.

I

The petitioner first claims that the habeas court improperly found that he could not prevail on his claim of ineffective assistance of counsel because he could not prove that his attorney's failure to seek cautionary instructions regarding the identification of the codefendant and to request a new trial was deficient or resulted in any prejudice.

"We first consider our scope of review. Although the underlying historical facts found by the habeas court may not be disturbed unless they were clearly erroneous, whether those facts constituted a violation of the petitioner's rights under the sixth amendment 'is a mixed determination of law and fact that requires the application of legal principles to the historical facts of this case.' *Cuyler* v. *Sullivan,* 446 U.S. 335, 342, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980). As such, that question requires plenary review by this court unfettered by the 'clearly erroneous' standard. Id.; see also *Mannhalt* v. *Reed,* 847 F.2d 576, 579 (9th Cir.), cert. denied, 488 U.S. 908, 109 S. Ct. 260, 102 L. Ed. 2d 249 (1988); *Government of the Virgin Islands* v. *Zepp,* 748 F.2d 125, 134 (3d Cir. 1984). Indeed, we have applied that scope of review, without specifically articulating it, to claims of ineffective assistance of counsel. See *Johnson* v. *Commissioner,* 218 Conn. 403, 423–29, 589 A.2d 1214 (1991); *Siemon* v. *Stoughton,* 184 Conn. 547, 440 A.2d 210 (1981). In accordance with this scope of review, we next consider the merits of the petitioner's claim." *Phillips* v. *Warden,* 220 Conn. 112, 131–32, 595 A.2d 1356 (1991).

" ' "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense. . . . Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh. denied, 467 U.S. 1267, 104 S. Ct. 3562, 82 L. Ed. 2d 648 (1984); *Aillon* v. *Meachum,* 211 Conn. 352, 357, 559 A.2d 206 (1989).' "[3] *Williams* v. *Warden,* 217 Conn. 419, 422, 586 A.2d 582 (1991).

" 'Establishing that counsel's performance was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland* v. *Washington,* supra, 687. To demonstrate this, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id., 687–88. "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id., 688. "Judicial scrutiny of counsel's performance must be highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be con-

---

[3] "It is axiomatic that ' "the right to counsel is the right to the effective assistance of counsel." ' *Strickland* v. *Washington,* 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 . . . (1984), quoting *McCann* v. *Richardson,* 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)." *Phillips* v. *Warden,* 220 Conn. 112, 132, 595 A.2d 1356 (1991).

sidered sound trial strategy.' Id., 689, quoting *Michel* v. *Louisiana,* 350 U.S. 91, 101, 76 S. Ct. 158, 100 L. Ed. 83 (1955), reh. denied, 350 U.S. 955, 76 S. Ct. 340, 100 L. Ed. 831 (1956); see also *Burger* v. *Kemp,* 483 U.S. 776, 788–96, 107 S. Ct. 3114, 97 L. Ed. 2d 639, [reh. denied, 483 U.S. 1056, 108 S. Ct. 32, 97 L. Ed. 2d 820] (1987); *Darden* v. *Wainwright,* 477 U.S. 168, 185–86, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986); *Aillon* v. *Meachum,* supra, 357; *Valeriano* v. *Bronson,* 209 Conn. 75, 86, 546 A.2d 1380 (1988); *Levine* v. *Manson,* 195 Conn. 636, 640, 490 A.2d 82 (1985)." ' " *Williams* v. *Warden,* supra, 423, quoting *Fair* v. *Warden,* 211 Conn. 398, 403–404, 559 A.2d 1094, cert. denied, 493 U.S. 981, 110 S. Ct. 512, 108 L. Ed. 2d 514 (1989).

With these standards in mind, we now turn to the merits of the petitioner's claim. The petitioner asserts that the habeas court improperly determined that his trial attorney's failure to seek a cautionary instruction as to the use of that identification or to seek a new trial because of the prejudice of the joinder of his case with that of his codefendant did not constitute ineffective assistance of counsel. The habeas court heard testimony from Thomas Corradino,[4] counsel for the codefendant, and from the petitioner's trial counsel. Their combined testimony revealed that the petitioner and Chapman sought a joint trial and that because of the related circumstances of the cases and the identical witnesses who would be testifying against each of the defendants, it was reasonable for the two defendants to be tried jointly. Moreover, the habeas testimony indicated that the decision not to challenge the in-court identification of Chapman or to request a limiting instruction regarding the admissibility of the identification was a trial tactic intended to distance the petitioner from Chapman

---

[4] Attorney Corradino was an experienced trial attorney and now serves as a judge of the Superior Court.

in the minds of the jurors.[5] The habeas court correctly concluded on the basis of this testimony that the petitioner failed to meet his burden of proving that his counsel's conduct was deficient. Because the petitioner has failed to meet this first prong of *Strickland* v. *Washington,* supra, we need not consider whether the petitioner was prejudiced by his counsel's conduct.

## II

The petitioner next claims that the habeas court improperly found that he was not denied a fair trial by being tried jointly with a codefendant or by the surprise midtrial identification of the codefendant, and that the trial court's instructions to the jury "should have sufficed" to direct the jury in its use of the evidence produced at trial.

This claim was not raised at trial. It was raised for the first time before the habeas court. The appropriate standard for reviewability in a habeas corpus proceeding of constitutional claims not adequately preserved at trial is the *Wainwright* v. *Sykes,* 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); standard of "cause and prejudice." *Johnson* v. *Commissioner,* 218 Conn. 403, 412–13, 589 A.2d 1214 (1991). The petitioner must show good cause for his failure to preserve a claim at trial and actual prejudice resulting from the alleged constitutional violation. In order for the petitioner to obtain habeas review of this claim, he must demonstrate (1) cause for his failure to seek severance or object to the identification testimony at trial and (2) that the joinder of defendants and the identification

---

[5] At the habeas hearing, the petitioner's trial counsel stated: "I thought [the identification] would be very damaging to Mr. Chapman's case, but I didn't feel as though it would cause a great deal of difficulty for Mr. Daniels simply because it didn't involve Mr. Daniels as far as being identified. But, in any case, I determined at that point in time to give the impression to the jury certainly and to the judge that it didn't affect our case in any way . . . ."

testimony was prejudicial. The petitioner must satisfy both elements to obtain relief. Id., 419. The habeas court made no finding regarding the petitioner's burden of establishing cause and prejudice.

In *Giannotti* v. *Warden,* 26 Conn. App. 125, 599 A.2d 26 (1991), cert. denied, 221 Conn. 905, 600 A.2d 1359 (1992), this court was faced with a similar situation. The court concluded, after reviewing the transcript of the habeas hearing, that no evidence had been presented of "at least the second requirement of the *Wainwright* cause and prejudice standard" and therefore determined that the petitioner had failed to satisfy his burden of proving cause and prejudice. Id., 129. *Giannotti* permits this court to review the record in an effort to determine whether any evidence of cause and prejudice has been provided by a petitioner. Where no evidence has been provided, this court can independently conclude that the petitioner has failed to meet the cause and prejudice test. Where, however, there has been evidence presented on the issues of cause and prejudice and the habeas court does not make a finding on the record that the petitioner has either met or failed to meet his burden of establishing cause and prejudice, we will not review the inadequately preserved constitutional claim on the merits. Rather, we will remand the case to the habeas court for it to determine whether the petitioner has satisfied his burden of establishing cause and prejudice. See *Watley* v. *Commissioner,* 219 Conn. 231, 592 A.2d 911 (1991); *Jackson* v. *Commissioner,* 219 Conn. 215, 592 A.2d 910 (1991). As our Supreme Court noted in *Johnson* v. *Commissioner,* supra, 419, it is the duty of the habeas court to make such a determination.

Here, the record is clear that the petitioner has failed to provide evidence of either cause for his failure to

raise these issues at trial or any resulting prejudice. Thus, he is not entitled to review of this claim on the merits.

The judgment is affirmed.

In this opinion the other judges concurred.