ANGEL DAVID BAEZ *v.* COMMISSIONER
OF CORRECTION
(11719)

FREEDMAN, SCHALLER and SPEAR, Js.

Argued February 15—decision released May 3, 1994

*John W. Watson,* assistant public defender, for the appellant (petitioner).

*Mitchell S. Brody,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *C. Robert Satti, Jr.,* assistant state's attorney, for the appellee (respondent).

FREEDMAN, J. The petitioner appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner asserts that the habeas court improperly found (1) that the petitioner was competent at the time of his guilty pleas and (2) that the failure of the petitioner's trial counsel to investigate the petitioner's mental condition did not constitute ineffective assistance of counsel. We reverse the judgment of the habeas court in part and remand the case for further proceedings.

The habeas court found the following facts. The petitioner, a Vietnam veteran, was charged with murder, several narcotics violations and criminal possession of a firearm. He was represented by Attorney John Robert Gulash on the murder charge. Attorney David Malloy represented the petitioner on the narcotics and the weapons charges. Because the murder charge was the most serious, Malloy permitted Gulash to act as lead counsel in the pretrial discussions.

On May 31, 1984, a court-ordered examination for competency was performed on the petitioner by a team of diagnosticians. The team rendered a unanimous opinion that the petitioner was competent to stand trial at that time because he was aware of courtroom proceed-

ings and was able to assist in his own defense. On May 29, 1985, the petitioner pleaded guilty under the *Alford*[1] doctrine to manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1), possession of heroin with intent to sell in violation of General Statutes § 21a-277 (a), and criminal possession of a pistol or revolver in violation of General Statutes § 53a-217. The petitioner was sentenced, under a plea agreement, to an effective term of twenty-five years.

After the petitioner had been in the corrections system for a period of time, he was transferred to a New Hampshire prison. At the New Hampshire prison, he attended group therapy sessions designed specifically for Vietnam veterans and was introduced to other inmates who were also Vietnam veterans. The petitioner identified with many of the symptomatologies of the other prisoners who had served in Vietnam. During this time, he learned that he suffered from an illness known as Post Traumatic Stress Disorder (PTSD). He acquired information from a group known as Vietnam Veterans of America. The petitioner also learned that some individuals suffering from PTSD had, on the basis of their illness, successfully defended criminal charges.

On February 1, 1990, the petitioner filed an amended petition for a writ of habeas corpus.[2] On November 28, 1990, and October 2, 1991, the petitioner underwent court-ordered examinations to determine his competency. On both occasions, the petitioner was found capable of understanding the proceedings and of meaningfully assisting his counsel. After a hearing, the habeas court denied the petition.

---

[1] *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] The petitioner had earlier filed a pro se habeas corpus petition. Following the appointment of a public defender to represent him, the amended petition was filed.

I

The petitioner first claims that the habeas court improperly found that he was competent at the time he pleaded guilty. He asserts that because he was then suffering from PTSD, he was not competent within the meaning of General Statutes § 54-56d (a)[3] to enter such pleas. He, therefore, contends that his pleas were not voluntary and intelligent and, accordingly, the trial court's acceptance of them violated the due process guarantees of the fourteenth amendment of the constitution of the United States and article first, § 8, of the constitution of Connecticut. For the reasons set forth below we do not reach the merits of the petitioner's claim.

The validity of a guilty plea can be challenged before sentencing pursuant to Practice Book § 720[4] and on direct appeal. *Bowers* v. *Commissioner of Correction*, 33 Conn. App. 449, 450–51, 636 A.2d 388, cert. denied, 228 Conn. 929, 640 A.2d 115 (1994). Here, the petitioner failed to raise his claim regarding the validity of his guilty plea before sentencing or on direct appeal. It was raised for the first time before the habeas court. The appropriate standard for reviewability of a constitutional claim not raised before sentencing or on direct appeal is the *Wainwright*[5] "cause and prejudice"

---

[3] General Statutes § 54-56d (a) provides: "A defendant shall not be tried, convicted or sentenced while he is not competent. For the purposes of this section, a defendant is not competent if he is unable to understand the proceedings against him or to assist in his own defense."

[4] Practice Book § 720 provides in pertinent part: "A defendant may withdraw his plea of guilty . . . as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in Sec. 721. A defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed."

[5] *Wainwright* v. *Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).

standard. *Jackson* v. *Commissioner of Correction,* 227 Conn. 124, 133–34, 136, 629 A.2d 413 (1993); *Johnson* v. *Commissioner,* 218 Conn. 403, 412–13, 589 A.2d 1214 (1991); *Bowers* v. *Commissioner of Correction,* supra, 451. "The petitioner must show good cause for his failure to preserve a claim at trial[6] and actual prejudice resulting from the alleged constitutional violation." *Daniels* v. *Warden,* 28 Conn. App. 64, 71, 609 A.2d 1052, cert. denied, 224 Conn. 924, 614 A.2d 820 (1992). Here, in order for the petitioner to obtain habeas review of this claim, he must demonstrate (1) good cause for his failure to raise his claim before sentencing or on direct appeal and (2) that he was actually prejudiced by the alleged constitutional violation. The habeas court made no finding regarding whether the petitioner had met his burden of establishing cause and prejudice.

This court is permitted to review the record to determine whether any evidence of cause and prejudice was provided by the petitioner. *Giannotti* v. *Warden,* 26 Conn. App. 125, 128, 599 A.2d 26 (1991), cert. denied, 221 Conn. 905, 600 A.2d 1359 (1992). "Where . . . there has been evidence presented on the issues of cause and prejudice and the habeas court does not make a finding on the record that the petitioner has either met or failed to meet his burden of establishing cause and prejudice, we will not review the inadequately preserved constitutional claim on the merits. Rather, we will remand the case to the habeas court for it to determine whether the petitioner has satisfied his burden of establishing cause and prejudice. See *Watley* v. *Commissioner,* 219 Conn. 231, 592 A.2d 911 (1991); *Jackson* v. *Commissioner,* 219 Conn. 215, 592 A.2d 910

[6] This court has applied the same "cause and prejudice" standard of reviewability to a case involving a guilty plea as that applied in a case involving the failure to preserve a claim at trial. See *Bowers* v. *Commissioner of Correction,* supra, 33 Conn. App. 451.

(1991). As our Supreme Court noted in *Johnson* v. *Commissioner,* supra, [218 Conn.] 419, it is the duty of the habeas court to make such a determination." *Daniels* v. *Warden,* supra, 28 Conn. App. 72.

Our review of the record reveals that the petitioner presented evidence to the habeas court regarding his failure to raise this issue before sentencing or on direct appeal and the alleged prejudice arising therefrom. We, therefore, reverse the judgment denying the habeas petition of this petitioner and remand the case to the habeas court for further proceedings to determine whether the petitioner satisfied his burden of establishing cause and prejudice.

## II

The petitioner's second and final claim is that the habeas court improperly found that the failure of his trial counsel to investigate his mental condition did not constitute ineffective assistance of counsel.[7] We do not agree.

---

[7] The petitioner also claims that, at the hearing regarding his petition for a writ of habeas corpus, he never asserted that Gulash's failure to use PTSD as a defense constituted ineffective assistance of counsel, but rather, that Gulash's failure to gather and present evidence of the petitioner's PTSD in plea negotiations and at sentencing constituted ineffective assistance of counsel. The habeas court in its memorandum of decision focused on Gulash's failure to use PTSD as a defense as determinative of whether the petitioner did not have effective assistance of counsel and found that such failure did not constitute ineffective assistance of counsel. The petitioner claims that we must remand for a new hearing because the habeas court did not decide the claim as presented by the petitioner. The petitioner concedes that the habeas court in its memorandum of decision did refer to the petitioner's claim that Gulash's failure to gather and present evidence of the petitioner's PTSD in plea negotiations and at sentencing constituted ineffective assistance of counsel and found that this claim had not been proven. The petitioner claims, however, that the reference is inadequate. The petitioner further claims that, if we accept the ruling, we must conclude that it is not supported by the evidence and is wrong as a conclusion of law. We conclude that the habeas court adequately addressed the petitioner's claim. Therefore, we address only the petitioner's claim that the

When determining whether there was a "violation of the petitioner's right to effective assistance of counsel . . . this court is not bound by [the clearly erroneous] standard of review, because such a determination is a mixed determination of law and fact that requires the application of legal principles to the historical facts of this case. *Veal* v. *Warden,* [28 Conn. App. 425, 428, 611 A.2d 911 (1992)]; *Phillips* v. *Warden,* 220 Conn. 112, 131, 595 A.2d 1356 (1991). The question of whether the historical facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is subject to plenary review by this court unfettered by the clearly erroneous standard. *Phillips* v. *Warden,* supra [131]; *Daniels* v. *Warden,* [supra, 28 Conn. App. 68]." (Internal quotation marks omitted.) *Siano* v. *Warden,* 31 Conn. App. 94, 96, 623 A.2d 1035 (1993).

"The right to the effective assistance of counsel is firmly grounded in the mandates of the sixth amendment to the United States constitution,[8] the fourteenth amendment to the United States constitution,[9] and arti-

habeas court improperly found that the failure of the petitioner's trial counsel to investigate the petitioner's mental condition did not constitute ineffective assistance of counsel.

[8] "The sixth amendment to the United States constitution provides: 'In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.' " *Siano* v. *Warden,* supra, 31 Conn. App. 96 n.1.

[9] "The fourteenth amendment to the United States constitution provides in pertinent part: 'No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.' " *Siano* v. *Warden,* supra, 31 Conn. App. 96 n.2.

cle first, § 8, of the Connecticut constitution.[10] The right to counsel is the right to the effective assistance of counsel. . . . This right is equally applicable whether defense counsel is court-appointed [as in the present case], or . . . privately-retained counsel. (Citations omitted.) *State* v. *Mason,* 186 Conn. 574, 577, 442 A.2d 1335 (1982). The right to counsel, however, is the right to effective assistance and not the right to perfect representation. *Commissioner of Correction* v. *Rodriquez,* 222 Conn. 469, 478, 610 A.2d 631 (1992); *Williams* v. *Bronson,* 21 Conn. App. 260, 263, 573 A.2d 330 (1990).

"To prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice.[11] *Bunkley* v. *Commissioner of Correction,* 222 Conn. 444, 455, 610 A.2d 598 (1992); *Summerville* v. *Warden,* 29 Conn. App. 162, 171, 614 A.2d 842, cert. granted on other grounds, 224 Conn. 918, 617 A.2d 172 (1992). To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [he] was not functioning as the counsel guaranteed the [petitioner] by the Sixth Amendment. *Bunkley* v. *Commissioner of Correction,* supra, [455], quoting *Strickland* v. *Washington,* [supra, 466 U.S. 687]. The petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. *Strickland* v. *Washington,* supra, 687–88; *Daniels* v. *Warden,* supra, [28 Conn. App.] 69.

---

[10] "Article first, § 8, of the Connecticut constitution provides in pertinent part: 'In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel . . . .' " *Siano* v. *Warden,* supra, 31 Conn. App. 96 n.3.

[11] "Our Supreme Court adopted the two-pronged analysis of *Strickland* v. *Washington* [supra, 466 U.S. 694], to determine if a counsel's assistance was ineffective. *Bunkley* v. *Commissioner of Correction,* [supra, 222 Conn. 455]; *Sekou* v. *Warden,* 216 Conn. 678, 690, 583 A.2d 1277 (1990)." *Siano* v. *Warden,* supra, 31 Conn. App. 97 n.4.

We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Daniels* v. *Warden,* supra, 69–70.

"To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. *Bunkley* v. *Commissioner of Correction,* supra, [222 Conn. 455] quoting *Strickland* v. *Washington,* supra, [466 U.S.] 687. The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. *Bunkley* v. *Commissioner of Correction,* supra, 454. The second prong is thus satisfied if the petitioner can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . *Summerville* v. *Warden,* supra [29 Conn. App. 171]." (Internal quotation marks omitted.) *Siano* v. *Warden,* supra, 31 Conn. App. 96–98.

In *Hill* v. *Lockhart,* 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the United States Supreme Court held "that the two-part *Strickland* v. *Washington* [supra, 466 U.S. 694] test applies to challenges to guilty pleas based on ineffective assistance of counsel." "The second, or 'prejudice,' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on

going to trial." *Hill* v. *Lockhart,* supra, 59. "[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." Id.

Here, the petitioner does not assert that, if Gulash had investigated and discovered the petitioner's PTSD, the petitioner would not have pleaded guilty. The petitioner asserts only that "[i]f counsel had added to the mix an effective and sympathetic presentation of Mr. Baez' PTSD, it is much more than 'reasonably probable' that the outcome of the proceeding would have been different—i.e. that the state or the sentencing court would have agreed to a more lenient (and appropriate) sentence for Mr. Baez." "A more lenient sentence" does not amount to the change of plea required by *Lockhart.* The petitioner's allegations, therefore, are insufficient to satisfy the *Strickland* requirement of prejudice. Id., 60. Because the petitioner failed to allege the kind of prejudice necessary to satisfy *Strickland,* the habeas court properly found that the petitioner failed to prove ineffective assistance of counsel.

The judgment denying the habeas petition is reversed as to the petitioner's claim that he was not competent at the time he entered his guilty plea and the case is remanded for a new hearing on the habeas petition consistent with this opinion. The judgment is affirmed as to the claim of ineffective assistance of counsel.

In this opinion the other judges concurred.