[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CAUSE AND PREJUDICE
This matter is before this court on remand from the Appellate Court. Baez v. Commissioner, 34 Conn. App. 236,641 A.2d 147, cert. denied, 231 Conn. 905 (1994). The petitioner pleaded guilty under the Alford doctrine to manslaughter in the first degree in violation of General Statutes § 53a-55(a)(1), possession of heroin with intent to sell in violation of General Statutes § 21a-277(a), and criminal possession of a pistol or revolver in violation of General Statutes § 53a-217. Under a plea agreement, the petitioner was sentenced to twenty-five years of incarceration.
During his incarceration, the petitioner attended group therapy sessions for Vietnam Veterans, and learned that he suffered from Post Traumatic Stress Disorder ["PTSD"]. The petitioner filed a petition for a writ of habeas corpus, asserting that at the time of his guilty pleas, he was suffering from PTSD, and therefore was not competent to enter knowing, intelligent and voluntary pleas. He also claimed ineffective assistance of counsel.
This court denied the petitioner's petition for a writ of habeas corpus. Baez v. Warden, State Prison, Superior Court, Judicial District of Tolland at Rockville, Docket No. CV 88-628, (July 22, 1992, Scheinblum, J.). The petitioner filed an appeal claiming that the habeas court improperly found "(1) that the petitioner was competent at the time of his guilty pleas and (2) that the failure of the petitioner's trial counsel to investigate the petitioner's mental condition did not constitute ineffective assistance of counsel." Baez, supra,34 Conn. App. 237.
The Appellate court affirmed the habeas court as to CT Page 5221 the petitioner's ineffective assistance of counsel claim. Id., 245. The Appellate court did not reach the merits of the petitioner's competency claim. Id., 239.
Noting that the petitioner failed to raise his claim regarding the validity of his guilty plea before sentencing or on direct appeal, the appellate court held that "in order for the petitioner to obtain habeas review of this claim, he must demonstrate (1) good cause for his failure to raise his claim before sentencing or on direct appeal and (2) that he was actually prejudiced by the alleged constitutional violation." Id., 240-41. See also, Wainwright v. Sykes, 433 U.S. 72,97 S.Ct. 2497, 53 L.Ed.2d 594 413 (1977). The appellate court remanded the case to this court to determine whether the petitioner had met his burden of establishing cause and prejudice. Baez, supra,34 Conn. App. 241.
The petitioner argues that he has demonstrated good cause for failure to raise his claim because the diagnosis of PTSD has developed slowly and therefore the information was not available to him at the time of plea and sentencing. The petitioner argues that good cause is also shown by the ineffectiveness of his trial counsel in tying all of the information together to establish incompetency.
The petitioner has not sustained his burden of showing good cause. As admitted by the petitioner in a 1988 letter to his trial attorney, Attorney Gulash:
 You brought to the court's attention the possibility of a connection between my criminal behavior and my Vietnam experience. You included, in your addressing of the court, a request for psychological held as a condition of confinement. You heard the court refer to my PSI and a medical diagnosis from a psychiatrist that conveyed the information that I was suffering, from a condition known as Vietnam Syndrome. . . . You surely provided me adequate legal assistance, given your knowledge of the psychological implications connected to P.T.S.D. at the time.
Therefore, the petitioner was clearly aware of his mental status CT Page 5222 at the time of plea and sentencing. (See also, May 31, 1984 Competency Evaluation, Pet. Exhibit 5.) The petitioner also concedes in his brief that the diagnosis was formally recognized in 1980. He also commends his attorney for raising Vietnam syndrome. Because the petitioner clearly knew about his mental status, he has not sustained his burden of demonstrating good cause.
The petitioner argues he has demonstrated actual prejudice because he was convicted and sentenced while incompetent. He argues that Dr. Reinberg's testimony at the habeas hearing showed that he was intellectually competent, but not psychologically competent.
Pursuant to General Statutes § 54-56d(a), "a defendant is not competent if he is unable to understand the proceedings against him or to assist in his own defense."
 Though there is no separate statute that sets the standard for competency to plead guilty or to be sentenced, our cases have held that a guilty plea cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts [and] that it must represent a voluntary and intelligent choice among the alternative courses of action open to the defendant.
(Internal quotation marks omitted.) Myers v. Manson, 192 Conn. 383,389-90, 472 A.2d 759 (1984).
The petitioner has the burden of proving his allegations. Id., 387. In this case, the Petitioner was evaluated for competency three times. (Petitioner's Exhibits 1, 5; Court's Exhibit 1.) The petitioner was found competent all three times. The petitioner's expert testified that he was "intellectually" competent to assist counsel, but psychologically unable to assist counsel. As noted above, the petitioner admitted that his trial attorney had indeed raised his mental condition, Vietnam Syndrome, at the time of plea and sentencing.
To the extent that the petitioner emphasizes Dr. Reinberg's intellectual/psychological dichotomy, this court has already stated that the intellectual competency described by Dr. Reinberg satisfies the requirements of General Statutes CT Page 5223 § 54-56d(a). Baez v. Warden, State Prison, Superior Court, Judicial District of Tolland at Rockville, Docket No. CV 88-628, (July 22, 1992, Scheinblum, J.), p. 6. Therefore, even if this point had been raised previously, it would not have affected the proceedings, because it would not have affected the finding of competency, particularly when examined in combination with the other competency evaluation. Again, the petitioner concedes that his mental capacity was raised by trial counsel, although not to the degree that he would have preferred.
This court finds that the petitioner has not sustained his burden of proving cause and prejudice.
HOWARD SCHEINBLUM JUDGE, SUPERIOR COURT