[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I PROCEDURAL HISTORY
The petitioner was charged with two counts of Kidnapping in the First Degree in violation of Connecticut General Statutes § 53a-92; Robbery in the First Degree in violation of Connecticut General Statutes § 53a-134; two counts of Sexual Assault in the First Degree in violation of Connecticut General Statutes §53a-70; one count of Attempted Sexual Assault in the First Degree in violation of Connecticut General Statutes § 53a-49 and § 53a-70; one count of Sexual Assault in the First Degree with use of a Firearm in violation of Connecticut General Statutes § 53a-70a(1); and one count of Kidnapping in the First Degree with use of a Firearm in violation of Connecticut General Statutes § 53a-92a(a).
On January 11, 1990, the petitioner pleaded guilty to two counts of Kidnapping in the First Degree in violation of Connecticut General Statutes § 53a-92, and two counts of Sexual Assault in the First Degree in violation of Connecticut General Statutes § 53a-92. The petitioner was sentenced to a total effective sentence of thirty-five years to serve.
The petitioner commenced the present matter by filing a Petition for Writ of Habeas Corpus, dated March 5, 1997, alleging ineffective assistance of counsel. An amended petition was filed CT Page 10918 on February 24, 1998, and the matters were joined for trial on June 5, 1998. These matters were tried before the court on June 21, 1999 and July 12, 1999. Both parties submitted briefs by August 11, 1999.
 II FACTS
The petitioner testified that he had been arrested and charged in the judicial district of Ansonia/Milford at Milford and charged with several counts of Sexual Assault and Kidnapping. Public Defender David Egan was appointed to represent him. He initially pleaded not guilty and elected trial by jury on all counts. Public Defender Egan testified that his office conducted an investigation into the case against Mr. Scranton. This investigation included, but was not limited to, reviewing police reports, witness statements and the petitioner's confession to the police. As a result of this investigation, Attorney Egan determined that Mr. Scranton would not be successful in obtaining an acquittal at trial. In light of the evidence against Mr. Scranton, Attorney Egan entered into plea negotiations with State's Attorney Mary Galvin in order to obtain a plea bargain agreement most favorable to his client. On January 11, 1990, the petitioner withdrew his not guilty pleas and jury election, and pleaded guilty to one count of Sexual Assault in the First Degree and one count of Kidnapping. Attorney Egan testified that during his representation of Mr. Scranton, he advised his client that the plea bargain offered by the State of Connecticut was an agreed recommendation with no right to argue for a lesser sentence. As a result of the plea agreement, the petitioner was not eligible for sentence review. Attorney Egan testified that he felt comfortable that the petitioner understood this agreement. Attorney Egan further testified that the only portion of the sentence left in question was the location where the petitioner would serve his sentence. At one time, Mr. Scranton was housed at Whiting Forensic Institute, but he was later transferred to the custody of the Department of Correction.
In his amended petition, dated February 24, 1998, the petitioner asserts that he entered his guilty pleas based upon the advice of his counsel concerning the strength of the prosecution's case against the petitioner, including the evidence available to the prosecution. He also entered his pleas, he asserts, based upon his attorney's representations concerning the CT Page 10919 prosecution's intention to proceed immediately to trial, and the probable sentence that would be imposed if the petitioner elected to persist in his pleas of not guilty and go to trial, and was found guilty after such trial. He asserts that the advice he received was both incomplete and incorrect. He further asserts that the advice was given without an adequate investigation being performed. In count two of said amended petition, the petitioner asserts that he was not mentally competent at the time of his plea, was medicated and unable to comprehend his actions, did not understand the consequences of his plea, and that his pleas were not knowingly, intelligently and voluntarily made. In count three of said petition, the petitioner asserts that he previously filed a Petition for Writ of Habeas Corpus in February, 1991, in the judicial district of Tolland at Rockville. He asserts that, on September 3, 1993, he withdrew said petition on the incorrect advice of counsel to the effect that if he withdrew the petition, his sentence would be subject to sentence review. The petitioner's previous habeas corpus counsel, Special Public Defender Thomas Farver, testified that he informed petitioner to withdraw the habeas petition filed in 1991, because he had no issues to pursue for habeas relief. In addition, Attorney Farver testified that he advised Mr. Scranton that he was not eligible for sentence review due to the fact that the sentence imposed was an agreed recommendation. According to the testimony of Alice Masterson, a court reporter in the judicial district of Ansonia/Milford, it was impossible to obtain a transcript of Mr. Scranton's plea and sentencing hearings because court reporters' notes are destroyed after seven years, in accordance with Connecticut law.
 III LAW
A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied, 467 U.S. 1267,104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). This right arises under the sixth
and fourteenth amendments to the United States Constitution and article first, § 8, of the Connecticut Constitution. Baez v.Commissioner of Correction, 34 Conn. App. 236, 242-43, cert. denied, 231 Conn. 905 (1994).
In the Strickland case, the United States Supreme Court CT Page 10920 articulated the standard for determining whether petitioner has been deprived of his, or her, constitutional right to effective assistance of counsel. Pursuant to the Strickland guidelines, the petitioner must establish by a preponderance of the evidence that: (1) defense counsel's performance was not reasonably competent or within the range of competence expected of attorneys with ordinary training and skill in criminal law; and (2) but for counsel's substandard performance, there is a reasonable probability that the result of the proceeding would have been different. In petitions involving a plea agreement, it is necessary for the petitioner to demonstrate that he would not have pleaded guilty, and, but for the ineffective assistance of counsel, he would have insisted upon a trial, and that the evidence that he claims would have been discovered, or the defenses he claims would have been introduced at trial were likely to have been successful at trial. Hill v. Lockhart,474 U.S. 52, 57-58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). See also Copas v. Commissioner of Correction, 234 Conn. 139, 153
(1995).
"The likelihood of a successful outcome at trial has been interpreted . . . [as an] acquittal . . . or a more favorable sentence following a conviction of the charged offense or of a lesser included offense." Copas, supra, 162-63 n. 18.
"[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, supra,466 U.S. 690.
The court finds that the petitioner has failed to meet his burden of proof m this matter. During cross examination, the CT Page 10921 petitioner testified that while discussing the state's offer with Attorney Egan, he understood the sentence to be an agreed recommendation whereby he would serve thirty-five years. In addition, he further testified that he understood there would be no right to argue for a lesser sentence. He further testified that he understood that if he went to trial he faced a potential sentence of 100 years in prison, so he decided to take the deal. The court finds that the petitioner was aware that he would receive thirty-five years in prison as a result of his plea, and that he entered the plea knowingly, intelligently and voluntarily. The court does not find the petitioner's claims to the contrary to be credible. Further, the court does not accept petitioner's claims that he was not mentally competent at the time of the pleas. The court notes that there was no medical testimony proffered at the habeas trial to support this contention. Furthermore, the court does not find as credible the petitioner's assertion that he withdrew a prior habeas petition because he was told that his sentence was subject to sentence review. All credible evidence produced at trial was to the contrary.
 IV CONCLUSION
For the foregoing reasons, the petition for habeas corpus relief is denied, and the petition is dismissed.
Eveleigh, J.
[EDITORS' NOTE: CT Page 10922 to 10926 are blank.]
[EDITORS' NOTE: The case contained on this page is now located on Pages 10846 — 10852] CT Page 10927