[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his amended petition dated March 8, 2001, petitioner seeks a writ a habeas corpus. For reasons hereinafter stated, the petition is dismissed.
Petitioner was the defendant in a criminal prosecution in the Judicial District of New Haven, alleging that he committed the crime of murder in violation of C.G.S. § 53a-54a. After trial by jury, petitioner was convicted of the offense as charged and as a consequence of this conviction, on May 12, 1989, he was sentenced to life in prison. Petitioner appealed his conviction which was affirmed by the Supreme Court on August 21, 1990. State v. Alvarez, 216 Conn. 301 (1990).
In upholding petitioner's conviction, the Supreme Court found that the trial jury could reasonably have found the following facts. At approximately 2 a.m. on January 16, 1988, the victim, Eugene Mabery, was returning home from a friend's house when he passed by the Oasis Club in New Haven. While outside the club, Mabery became involved in an altercation with Johnnie Baker. A crowd of spectators, including Pamela McCrea and Kenneth Hazard, gathered to watch the fight. After the fighting was halted, and while Mabery was attempting to retrieve a plastic bag containing his gym clothes, the defendant drew a gun and shot him in the upper body. Mabery immediately bent over, exclaimed that he had been shot, gathered his belongings and ran from the scene. A few days later, on January 23, 1988, his body was found in a frozen condition in the backyard of a nearby home. He had died from a gunshot wound to his chest. Id. 302.
Petitioner was represented at trial and on appeal by Special Public Defender, Milo J. Altschuler. Petitioner claims that Attorney Altschuler was ineffective in representing him and that he was, therefore, denied effective assistance of counsel in violation of his rights under the United States Constitution Amendment IV and Connecticut Constitution Article I, § 8. CT Page 11619
As a defendant in a criminal prosecution, petitioner was "constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings.". . . This right arises under the sixth and fourteenth amendments to the United States constitution" Copas v. Commissioner of Correction, 234 Conn. 139, 153
(1995). (Citations omitted.)
The general standard to be applied by habeas courts in determining whether an attorney effectively represented a criminal defendant is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed. 674 (1984). "In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance, and (2) actual prejudice . . . thus, he must establish not only that his counsel's performance was deficient, but as a result thereof, he suffered actual prejudice, namely, that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . In this context, a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different, does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome of the case. . . . Rather, it merely requires the petitioner to establish a probability sufficient to undermine confidence in the outcome. . . .Bunkley v. Commissioner of Correction, 222 Conn. 444, 445-46, 610 A.2d 592
(1992)." Mercer v. Commissioner of Correction, 51 Conn. App. 638, 640-641
(1999).
"In order to succeed in a claim of ineffective assistance of counsel, the petitioner must prove: (1) that his counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law; and (2) that this lack of competence contributed so significantly to his conviction as to have deprived him of a fair trial." Id.
Petitioner alleges that Attorney Altschuler was ineffective because he failed to properly and adequately prepare petitioner's case for trial and that he failed to properly and adequately represent petitioner at trial because he did not make timely objections to improper statements made by the prosecuting attorney in closing argument.
The petition alleges that Attorney Altschuler failed to determine and develop petitioner's version of the facts. It is also alleged that the attorney did not investigate the relevant facts and law and interview relevant witnesses. CT Page 11620
The evidence indicates that at the time he represented petitioner, Attorney Altschuler was an experienced trial lawyer who had considerable experience in representing defendants in criminal prosecutions. He had represented defendants in serious criminal cases including those charged with murder. In this case, he determined that the central issue was the identification of petitioner as the person who shot Eugene Mabery outside of the Oasis Club on January 16, 1988.
The attorney used the services of an investigator from the public defender's office to follow up on the police report. The attorney testified that he also did some of the investigation himself.
Attorney Altschuler did not confer with petitioner at the New Haven correctional facility prior to trial, but he did send an investigator to talk to him.
It was petitioner's position that he had been at the Oasis Club on the night of the murder, but that he did not shoot Mabery. Petitioner also denied that he was given money, drugs and a pistol by one Melvin Poindexter to kill Mabery. The evidence is clear that Attorney Altschuler was fully aware of petitioner's version of the facts. The attorney concentrated on the identification issue and at trial attempted to exclude testimony of Richard King concerning the delivery of the weapon, money and drugs to petitioner. Id. 307-311.
It is claimed that Attorney Altschuler failed to interview relevant witnesses before trial. previously noted, the public defender's investigator followed up on the police report with his investigation. Certain witnesses, however, were not questioned. Kenneth Hazard was a witness to the shooting. Attorney Altschuler was aware that
Hazard had made an oral statement to Police Officer Joseph Greene, who investigated the case, to the affect that he thought he saw a person named Rasheem shoot the victim, petitioner was unsuccessful in his efforts to locate Hazard and, therefore, was unable to interview him.
The attorney felt confident that he could get Hazard's statement before the jury through testimony of Officer Greene. In this he relied on a ruling of the Supreme Court in State v. Echols, 203 Conn. 385, 392 (1987) where it was held that a "defendant may introduce evidence which indicates that a third party, and not the defendant, committed the crime with which the defendant is charged." Evidence that showed that Rasheem, and not the defendant, had shot the victim thus would be relevant and would be admissible provided the evidence was not excluded by some other CT Page 11621 rule or principal of law. At trial, the judge determined that Officer Greene's testimony as to Hazard's statement would be hearsay and the statement was excluded. This decision was upheld on appeal.
Pamela McCrea, who was present at the time of the murder, gave a written statement to the police indicating that petitioner fired the fatal shot. She was not interviewed by Attorney Altschuler. At trial, Ms. McCrea attempted to recant her statement. The state then offered McCrea's prior written statement under State v. Whelan, 200 Conn. 743,753 (1986). Attorney Altschuler strongly, but unsuccessfully, objected to the admissibility of this statement. There was no evidence as to how the attorney's failure to interview McCrea prior to trial adversely affected his case. Petitioner has failed to demonstrate any prejudice as a result of the failure to interview McCrea.
Richard King testified for the state at trial. He testified that one week before Eugene Mabery's body was found he went to the apartment of Melvin Poindexter to purchase cocaine. At the time, petitioner and Rasheem were present. According to King's testimony, Poindexter informed petitioner about a problem with Mabery over cocaine and that if Mabery "don't have his money he wants him to kill him" and that petitioner replied he would take care of it. King then testified that Poindexter gave petitioner a pistol, some cocaine and money. Id. 308.
Attorney Altschuler did not talk to King, having learned about him just prior to the start of trial. The attorney did object to King's testimony in an attempt to keep it from coming before the jury. Id. 309.
Attorney Altschuler attempted to locate Poindexter so that he could be interviewed prior to trial. Like Hazard, however, Poindexter could not be located. The attorney was also unable to locate King's girlfriend, Laura Washington, prior to trial.
Rasheem, whose name was Jeffrey Perry, was also not interviewed by Attorney Altschuler. Rasheem testified at the habeas trial that he went to Florida shortly after the shooting. Although Rasheem was not interviewed, it was extremely doubtful that petitioner's attorney would have derived any benefit from interviewing him. At the habeas trial, Rasheem testified that he was at the Oasis Club on the night Mabery was shot, but that he had left before the shooting. When asked by petitioner's attorney if he shot Mabery, Rasheem invoked hisFifth Amendment right not to answer the question.
In this civil action, the refusal to testify by Rasheem might allow an adverse inference. Olin Corporation v. Castells, 180 Conn. 49, 53
CT Page 11622 (1980). This, however, does not establish that Rasheem fired the fatal shot. Also, it is extremely doubtful that an interview with Rasheem would have provided any information which could have aided petitioner's criminal case or that Rasheem, if he were available, could have been called as a witness by petitioner's attorney.
From the evidence it must be concluded that Attorney Altschuler's, with the assistance of his investigator, made an effort, appropriate to the seriousness of the case, to interview all material witnesses. Many of these witnesses were unavailable and could not be located. There is nothing to indicate that an attempt to interview some witnesses such as Poindexter, Rasheem, King or McCrea would have been productive or would have resulted in information which would have assisted in the defense of petitioner's case.
It is alleged that Attorney Altschuler failed to utilize available means of discovery. There was no testimony as to what means should have been employed by the attorney or what evidence was missing due to his inefficiency. At the time he represented petitioner, the state employed an open file system and Attorney Altschuler took full advantage of the opportunities afforded by this system. The petition further alleges that Attorney Altschuler failed to communicate with petitioner regarding what was occurring and what petitioner's options were. These allegations have not been proven.
Considering all of the evidence presented and reasonable inferences which could reasonably be drawn from such evidence, it must be concluded that petitioner has failed to prove that in representing petitioner Attorney Altschuler's performance fell below the standard of reasonable competence displayed by lawyer's with ordinary training and skill in the criminal law. It is further found that petitioner has not proven that he was deprived of a fair trial as a result of the actions of Attorney Altschuler in representing him.
In paragraph 13b of the petition, it is alleged that Attorney Altschuler failed to properly and adequately represent petitioner because he did not object to statements made by the prosecutor in closing argument.
A review of the Supreme Court's decision affirming petitioner's conviction indicates that this issue was not raised on appeal. State v.Alvarez, supra. Claims of prosecutorial misconduct may be raised by direct appeal. State v. Jefferson, 67 Conn. App. 249 (2001). Where a party fails to present a claim of error at the appropriate time, such failure could constitute a waiver of the right to raise the issue later CT Page 11623 unless a substantial injustice can be found. State v. Evans, 165 Conn. 61,64-66 (1973). Where this issue is raised in a habeas case, petitioner must show good cause for his failure to present a claim at trial and actual prejudice resulting from the constitutional violation. Baez v.Commissioner of Correction, 34 Conn. App. 236, 240-41 (1996).
Here there has been no allegation or evidence to show that petitioner was in any way prevented from raising the prosecutorial misconduct claim on appeal or that he suffered any prejudice as a result of his failure to raise the claim at the proper time. It must, therefore, be concluded that petitioner is procedurally defaulted from raising this claim by way of habeas corpus process.
Accordingly, the petition is dismissed.
Joseph J. Purtill, JTR CT Page 11624