# KERRY B. STAPLES *v.* CARL ROBINSON, WARDEN (SOMERS CORRECTIONAL INSTITUTION) (11737)

SPEZIALE, C. J., HEALEY, PARSKEY, GRILLO and HENNESSY, Js.

Argued February 29—decision released June 19, 1984

*Ralph E. Urban,* legal intern, with whom were *Michael R. Sheldon,* and, on the brief, *Geoffrey G. Plank,* legal intern, for the appellant (plaintiff).

*Arnold M. Schwolsky,* assistant state's attorney, with whom, on the brief, was *John M. Bailey,* state's attorney, for the appellee (defendant).

PER CURIAM. The plaintiff is appealing from the trial court's denial of his writ of habeas corpus after the trial court found that the plaintiff had failed to prove that

he had not deliberately bypassed the orderly procedure of direct appeal.[1] We find no error.

In 1976, the plaintiff was convicted after a jury trial of the crimes of burglary and attempted assault. The plaintiff appealed his conviction on the attempted assault charge and this court upheld his conviction. *State* v. *Staples,* 175 Conn. 398, 399 A.2d 1269 (1978). The plaintiff's appellate counsel was different from his counsel at trial.

In 1981, the plaintiff collaterally attacked his 1976 convictions by filing a petition for a writ of habeas corpus alleging for the first time that he had been denied the effective assistance of counsel on appeal because his newly retained appellate counsel had not had access to a transcript of the closing arguments of trial counsel. No record of the closing arguments of trial counsel had been made by the court reporter.[2]

After a hearing on the petition for a writ of habeas corpus, the trial court found that "[t]he petitioner has not proven by a fair preponderance of the evidence that he did not deliberately bypass the orderly procedure for direct appeal on this issue" and denied the petition. The trial court also noted that "at the trial itself the petitioner could have requested to have arguments of counsel recorded." The plaintiff has appealed from the denial of the petition for a writ of habeas corpus and claims that "the trial court erred in finding that petitioner had deliberately by-passed the remedy of direct appeal as to a claim of violation of a fundamental constitutional right which did not exist at the time of appeal."

[1] Pursuant to General Statutes § 52-470 (b), the plaintiff obtained certification from the trial judge to appeal the decision of the trial court.

[2] General Statutes § 51-61 provides in relevant part that the court reporter "shall attend the court and make accurate records of all proceedings in the court, *except the arguments of counsel* . . . ." (Emphasis added.)

A petitioner seeking a writ of habeas corpus by asserting a claim not raised on direct appeal has the burden of alleging and proving "by a fair preponderance of the evidence, facts which will establish that he did not deliberately bypass the orderly procedure of a direct appeal." *Vena* v. *Warden,* 154 Conn. 363, 366–67, 225 A.2d 802 (1966). See *Paulsen* v. *Manson,* 193 Conn. 333, 476 A.2d 1057 (1984). This the plaintiff has failed to do.

In appealing from his conviction, the plaintiff did not claim a constitutional right to have closing arguments of counsel transcribed. See *State* v. *Staples,* supra. The plaintiff contends that he now is asserting a new constitutional right that was not readily foreseeable at the time of appeal. A constitutional right to require that closing arguments of trial counsel be recorded has not been established in this state. Thus, the plaintiff proffers a new constitutional *claim* rather than a new constitutional *right.* In support of his claim that there is a constitutional right to the mandatory recording of closing arguments, the plaintiff cites a number of federal and state cases decided before 1976. Because these cases were available before the plaintiff's trial and appeal, we see no reason why the plaintiff could not have advanced this constitutional claim at the time of appeal. Cf. *Turcio* v. *Manson,* 186 Conn. 1, 439 A.2d 437 (1982). There is nothing in the record to indicate that this claim could not reasonably have been presented to the trial court.

Thus, in denying the petition for a writ of habeas corpus the trial court was correct in finding that the plaintiff had not met his burden of proving that there was no deliberate bypass of the proper procedure of appeal.

There is no error.