RONALD G. SUTTON *v.* CARL ROBINSON, WARDEN
(SOMERS CORRECTIONAL INSTITUTION)
(3325)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Argued January 9—decision released March 25, 1986

*G. Douglas Nash,* assistant public defender, with whom, on the brief, was *Joan A. Leonard,* assistant public defender, for the appellant (petitioner).

*Julia D. Dewey,* assistant state's attorney, for the appellee (respondent).

BORDEN, J. The petitioner, who is incarcerated because of his convictions of sexual assault, kidnapping and threatening, appeals from the judgment of the trial court quashing his petition for a writ of habeas corpus.[1]

---

[1] The trial court permitted this appeal by certifying that a question is involved in the decision which ought to be reviewed by this court. General Statutes § 52-470 (b).

The petitioner's petition was based solely on a claim of ineffective assistance of counsel at his trial. This case raises the issue of the sufficiency of the petitioner's allegation, in his petition, that he had not deliberately bypassed a direct appeal, where the same petition also alleged that he had a direct appeal of his conviction pending in our Supreme Court. We find error.

The petitioner was sentenced for his convictions on October 5, 1982, and filed a direct appeal in the Supreme Court. On November 21, 1983, while that appeal was pending, he filed this petition for a writ of habeas corpus, specifying assorted omissions by his trial counsel which, he claimed, rendered the counsel's aid constitutionally ineffective. The claimed omissions clearly raised factual issues the significance of which could not be resolved solely from the trial transcript.

His petition also alleged as follows: "The petitioner has not deliberately bypassed a direct appeal to the Connecticut Supreme Court in that: (1) the petitioner has a pending appeal from the judgment in *State* v. *Sutton,* CR7-57467, before the Connecticut Supreme Court; (2) the appeal does not raise the issue of ineffective assistance of counsel in *State* v. *Sutton* in that the record does not reflect a sufficient factual basis, and, lacking that basis, the claim 'is more properly pursued . . . on a petition for a writ of habeas corpus rather than on direct appeal.' *State* v. *Mason,* 186 Conn. 574, [578–79, 442 A.2d 1335] (1982)." The trial court granted the respondent's motion to quash the petitioner's petition for failure to state a claim upon which relief can be granted, which motion was filed pursuant to Practice Book § 532.[2] Thus, the legal sufficiency of the

---

[2] Practice Book § 532 provides: "The sufficiency of the petition on which the writ was granted and the propriety of the issuance of the writ may be tested, before a return is filed, by a motion to quash. On such a motion, the allegations of the petition are deemed admitted. The motion to quash is not a means by which to test the legal sufficiency of the facts alleged in a return or the answer to the return."

petitioner's allegations regarding deliberate bypass of an appeal is the sole issue before us.

The petitioner claims that the court erred in quashing the petition because the petition made clear that his ineffective assistance of counsel claim could only be developed by evidence produced in a habeas corpus setting, and because his petition included the required allegation that he did not deliberately bypass a direct appeal. Thus, he argues, taking his allegations as true, as the court must do pursuant to Practice Book § 532, his petition was legally sufficient. We agree.

It is by now fundamental that a habeas corpus petitioner asserting a claim not raised on direct appeal must allege and prove that he did not deliberately bypass a direct appeal. *Staples* v. *Robinson,* 193 Conn. 439, 441, 476 A.2d 580 (1984).[3] In *State* v. *Rivera,* 196 Conn. 567, 571, 494 A.2d 570 (1985), our Supreme Court decided "that the deliberate bypass rule should be relaxed in cases in which the sole claim for relief from a criminal conviction is a claim of ineffective assistance of counsel." The Supreme Court has very recently, however, found occasion to reconsider the deliberate bypass rule and "once more to lower this barrier to habeas corpus relief." *State* v. *Leecan,* 198 Conn. 517, 541, 504 A.2d 480 (1986). "It is [now] preferable that all of the claims of ineffective assistance, those arguably supported by the record as well as others requiring an evidentiary hearing, be evaluated by the same trier in the same proceeding. A [petitioner] should not be required to await the outcome of his appeal upon other issues before pursuing his claim of incompetent counsel. If his claim is meritorious, he may often obtain relief in the trial court before his appeal on other issues can be heard, thus

---

[3] The petitioner's direct appeal was decided by the Supreme Court while his habeas corpus appeal was pending in this court. See *State* v. *Sutton,* 197 Conn. 485, 498 A.2d 65 (1985).

mooting such an appeal." Id., 541–42. It is now clear, therefore, that *Leecan* controls this case.

On the basis of "this modification of our procedure in regard to ineffective assistance claims"; id., 542; we hold that the trial court erred in quashing the petitioner's petition.

There is error, the judgment quashing the petition is set aside and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.