JOHN GIANNOTTI *v.* WARDEN, STATE PRISON
(9755)

FOTI, LANDAU and HEIMAN, Js.

Argued September 12—decision released November 12, 1991

*Louis S. Avitabile,* special public defender, with whom was *Denise Dishongh,* for the appellant (petitioner).

*James A. Killen,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Christopher A. Alexy,* assistant state's attorney, for the appellee (state).

FOTI, J. The petitioner appeals from the court's denial of his writ of habeas corpus. He challenges the court's rejection of his claim of ineffective assistance of trial counsel. He also alleges that the habeas court was incorrect in failing to conclude that there had been ineffective assistance of appellate counsel.[1]

The defendant was tried before a jury, which heard testimony over a three day period. The jury subsequently found the defendant guilty of sexual assault in the first degree, attempted sexual assault in the first degree, assault in the second degree, conspiracy to commit sexual assault in the first degree, and unlawful restraint in the first degree. The defendant was sentenced to a term of imprisonment of twenty-one years. This court affirmed the conviction.[2]

Thereafter, the petitioner filed a petition for a writ of habeas corpus based on (1) a claim of ineffective assistance of counsel in violation of his rights guaranteed by the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution, (2) the denial of his state constitutional right to voir dire because of the trial court's limitation on the scope of questioning, and (3) the denial of his statutory right under General Statutes § 51-61 (a) to a meaningful direct appeal and the federal constitutional right of due process because of the failure to

---

[1] The petitioner's claim of ineffective assistance of appellate counsel was never alleged in the habeas petition. We will not review an unarticulated claim raised for the first time on appeal. *Copeland* v. *Warden,* 26 Conn. App. 10, 13–14, 592 A.2d 477 (1991).

[2] For the relevant facts that the jury could have reasonably found, see *State* v. *Giannotti,* 7 Conn. App. 701, 510 A.2d 451 (1986).

record a portion of the voir dire. After an evidentiary hearing, the habeas court denied his petition. From this ruling, the petitioner appeals.

The following facts are relevant to this appeal. Jury selection for the petitioner's trial commenced on January 12, 1984, and concluded the following day. Three jurors were selected on the first day, and three jurors and two alternates were chosen on the second day. Subsequently, a transcript of the second day of jury selection was available, but none could be located for the first day. The habeas court found that it was common practice at the time and location of the petitioner's trial for defense counsel to "waive the presence of the court reporter" and that defense counsel would have called for the presence of the reporter if any issues arose that required a record. Furthermore, the habeas court found that nothing significant occurred on January 12 that would have required a remand for purposes of reconstructing the record. Finally, the habeas court found no evidence that the court restricted the voir dire examination and held that any restriction that might have occurred did not affect the outcome of the trial.

It is clear from the record, and counsel agree, that the habeas court reviewed only the claim of ineffective assistance of counsel, and included as part of that review the petitioner's claim regarding the statutory authority to waive the presence of the court reporter during voir dire proceedings. Specifically, the petitioner's claim is that trial counsel was ineffective in failing to have a portion of the voir dire recorded, which possibly deprived him of his constitutional right to a meaningful appellate review.

In order to succeed in an appeal from the denial of a habeas writ, the petitioner must sustain a higher burden than that imposed on him in a direct appeal. *Magnotti* v. *Meachum,* 22 Conn. App. 669, 674, 579 A.2d

553 (1990). In an appeal from the denial of his habeas writ, he must prove that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Williams* v. *Warden,* 217 Conn. 419, 422, 586 A.2d 582 (1991); see also *Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

It is agreed that there is a statutory right to have voir dire proceedings recorded. General Statutes § 51-61 (a). The petitioner claimed for the first time before the habeas court that this right is constitutional, the deprivation of which denied him a meaningful direct appeal.[3] "A petitioner seeking a writ of habeas corpus by asserting a claim not raised on direct appeal has the burden of alleging and proving 'by a fair preponderance of the evidence, facts which will establish that he did not deliberately bypass the orderly procedure of a direct appeal.' *Vena* v. *Warden,* 154 Conn. 363, 366–67, 225 A.2d 802 (1966)." *Staples* v. *Robinson,* 193 Conn. 439, 441, 476 A.2d 580 (1984). Although on direct appeal the petitioner did not claim a constitutional right to have the voir dire proceedings recorded, the habeas court did not address whether a deliberate bypass of the proper procedure of appeal had occurred. We see no reason why the petitioner could not have advanced this constitutional claim at the time of appeal. Our Supreme Court has stated: "We are persuaded that habeas review of constitutional claims never raised in the trial court, in violation of our rules of practice, would thrust too great a burden on our criminal justice system." *Johnson* v. *Commissioner,* 218 Conn. 403,

---

[3] The petitioner proffers a new constitutional claim rather than a new constitutional right. A constitutional right to have voir dire proceedings recorded has not been established in this state. Because of the result reached, we find it unnecessary to determine whether recordation is a constitutional right because it is fundamental to the constitutional right to voir dire. Cf. *Staples* v. *Robinson,* 193 Conn. 439, 476 A.2d 580 (1984).

417, 589 A.2d 1214 (1991). "Appellate counsel would have less incentive to raise on appeal all arguable constitutional claims of the defendant if another opportunity to raise such claims were available in the habeas court." Id., 416.

We conclude that even though the habeas court did not address the issue of deliberate bypass, the court should have applied the "cause and prejudice" standard enunciated in *Wainwright* v. *Sykes,* 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), to the petitioner's constitutional claim. In *Johnson* v. *Commissioner,* supra 417, 419, our Supreme Court adopted the federal "cause and prejudice" standard from *Wainwright* for habeas review of constitutional claims not raised at trial.[4] This standard applies in cases involving procedural default, such as the failure to challenge a jury array before trial; id., 414; or failure to insist that the voir dire be recorded. The *Wainwright* standard requires that the petitioner show good cause for the failure to preserve a claim at trial and actual prejudice resulting from the alleged constitutional violation. *Wainwright* v. *Sykes,* supra, 84. The petitioner must establish both elements to obtain relief. *Johnson* v. *Commissioner,* supra, 419. Here, the record is clear that the petitioner failed to satisfy at least the second requirement of the *Wainwright* cause and prejudice standard. Thus, he is not entitled to review of his constitutional claim on the merits.

The petitioner's second claim is limited to whether counsel's waiver of the presence of the court reporter

---

[4] "Prior to *Wainwright,* we had allowed a habeas petitioner to present constitutional claims never raised in the trial court as well as those not raised on appeal if he alleged and proved that he had not deliberately bypassed opportunities to present such claims in accordance with standard procedural rules. *Walters* v. *Warden,* 155 Conn. 316, 319, 232 A.2d 112 (1967); *Vena* v. *Warden,* 154 Conn. 363, 366, 225 A.2d 802 (1966)." *Johnson* v. *Commissioner,* 218 Conn. 403, 414 n.12, 589 A.2d 1214 (1991).

during voir dire fell below the standard of reasonable competence.[5] "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland* v. *Washington,* supra, 687–88. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id., 688. The constitution guarantees only a fair trial and a competent attorney; it does not ensure that every conceivable constitutional claim will be recognized and raised. *Engle* v. *Isaac,* 456 U.S. 107, 134, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982). The defendant is also not guaranteed assistance of an attorney who will make no mistakes. *United States* v. *Campbell,* 616 F.2d 1151, 1152 (9th Cir. 1980). " 'What constitutes effective assistance [of counsel] is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation.' *People* v. *Baldi,* 54 N.Y.2d 137, 146, 429 N.E.2d 440, 444 N.Y.S.2d 893 (1981)." *Levine* v. *Manson,* 195 Conn. 636, 649, 490 A.2d 82 (1985).

In this case, we must determine whether trial counsel's failure to ensure the recordation of voir dire on January 12 fell below the reasonable competence exhibited by lawyers with ordinary training and skill in criminal law.[6] Id., 639. We conclude that petitioner's trial counsel did not fall below that standard.

---

[5] The petitioner has not briefed his claim raised in his habeas petition that trial counsel was incompetent for failing to allege restrictions on voir dire, and we consider that claim abandoned. *State* v. *James,* 211 Conn. 555, 588, 560 A.2d 246 (1989).

[6] The petitioner's arguments that perhaps trial counsel did not waive the presence of the court reporter or that the reporter was present and did not record the voir dire are as contrary to the habeas court findings as is the speculation that the voir dire had been recorded and the transcription lost.

The obvious purpose of General Statutes § 51-61 (a)[7] is to ensure an adequate record on which to review the proceedings should either party seek to challenge them later. This statutory right may be waived. The habeas court found (1) that it was common practice at that time in New Haven, where the proceedings took place, to waive the presence of the court reporter during voir dire, (2) that trial counsel did so here, (3) that the reporter would have been called if any issues arose that required a record, and (4) that nothing of significance occurred, to anyone's recollection, during the period of unrecorded voir dire.

The burden is on the petitioner to establish that counsel's conduct falls below the *Strickland* standard. *Quintana* v. *Warden,* 220 Conn. 1, 5, 593 A.2d 964 (1991). The proper standard for attorney performance is that of reasonably effective assistance as measured by the bar generally. Id., 6. The petitioner has not sustained this burden. He has not demonstrated that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Gulliver* v. *Dalsheim,* 739 F.2d 104, 107 (2d Cir. 1984).

"[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.' " *Williams* v. *Warden,* supra, 434, quoting *Strickland* v. *Washington,* supra, 690. "Judicial scrutiny of counsel's performance must be highly deferential, and a reviewing court must

---

[7] General Statutes § 51-61 (a) provides: "Each official court reporter, before entering upon the duties of his office, shall be sworn to faithfully perform them and shall then be an officer of the court. He shall attend the court and make accurate records of all proceedings in the court, except sessions of small claims and the arguments of counsel, provided on the request of any party, he shall make accurate records of the arguments of counsel."

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Chace* v. *Bronson,* 19 Conn. App. 674, 678, 564 A.2d 303, cert. denied, 213 Conn. 801, 567 A.2d 832 (1989). Under the circumstances of this case, we conclude that counsel's conduct fell within the wide range of reasonable professional assistance.

The judgment is affirmed.

In this opinion the other judges concurred.