[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FROM JURY DOCKET #122
On January 11, 1994, the plaintiff, Joan M. Trefz, filed a two count complaint in foreclosure and seeking recovery of collateral against the defendants, Carl M. Coppola, Jr., Ernest C. Trefz and Daniel D. Portanova. The plaintiff alleges the following facts in her complaint. The defendants entered into a note and mortgage with Citytrust in the amount of $5,050,000 on October 31, 1988, and also assigned the leases from the mortgaged property. Citytrust went into receivership with the Federal Deposit Insurance Corporation (FDIC), with the Consolidated Asset Recovery Corporation (CARC) acting as agent CT Page 1714 of the FDIC. The note, mortgage deed and security agreement were modified to extend the maturity date to November 1, 1992. On September 24, 1993, the FDIC and the CARC assigned its interests in the documents referred to above to the plaintiff. The plaintiff now alleges that the defendants are in default on the note and have failed to make the collateral available to the plaintiff.
On June 2, 1994, the defendant Carl Coppola filed his second amended answer in which he alleges two special defenses of civil conspiracy and unclean hands. Coppola alleges that the partners were in negotiations with the CARC for final settlement of the loan, when Ernest Trefz purchased the note and loan documents and assigned the instruments to the plaintiff as trustee for Ernest Trefz, unbeknownst and without the consent of all the partners. Coppola further alleges that the default was not caused by Coppola's failure to fulfill his obligations, but rather because of a conspiracy between Joan and Ernest Trefz to divest Coppola of his interests in the property and partnership. Coppola also alleges that such actions constitute unclean hands on the part of the plaintiff.
On December 7, 1994, Coppola claimed this action to the jury list. The plaintiff filed a motion to strike Coppola's claim to the jury docket on March 15, 1995, along with a memorandum of law in support. Coppola filed a memorandum in opposition on June 8, 1995, appointed a special public defender to represent the petitioner. The special public defender has concluded that there is no non-frivolous argument in support of the petitioner's claim. Consequently, the special public defender has filed a motion and supporting memorandum to withdraw, requesting that the court withdraw the appearance of all public defenders.
In response, the petitioner has filed a seventy-eight page "MEMORANDUM IN SUPPORT OF MOTION FOR PERMISSION TO WITHDRAW APPEARANCE OF PUBLIC DEFENDER AND MOTION FOR APPOINTMENT OF NEW COUNSEL TO REPRESENT PETITIONER IN ABOVE CAPTIONED HABEAS CORPUS PETITION," containing two addendums in which he presents his arguments. Petitioner has very thoroughly prepared his lengthy responses. Unfortunately, Petitioner has not shown the Court that there are any non-frivolous issues to be presented on his behalf. Therefore, the court is granting counsel's Motion to Withdraw. The Court is also denying petitioner's request for new counsel. (See attached) Petitioner may continue to proceed pro se, or with private counsel, if he desires. CT Page 1715
II. DISCUSSION
The right to appointed counsel is available only where there is a non frivolous claim. Anders v. California, 386 U.S. 738, 744-45
(1967); State v. Pasucci, 161 Conn. 382, 385, 288 A.2d 408
(1971); Practice Book section 952. "If [appointed] counsel finds [the petitioner's] case to be wholly frivolous after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." Anders v. California,
supra, 386 U.S. 744-45; State v. Pasucci, supra, 161 Conn. 385; Practice Book section 952. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . ." Anders v. California,
supra, 744-45; State v. Pasucci, supra, 385. The court then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. Anders v. California,
supra, 744-45; State v. Pasucci, supra, 386.
If the court finds any of the legal points arguable on the merits, and, therefore, not frivolous, the court must afford the indigent the assistance of counsel. Anders v. California, supra, 744; See also State v. Pasucci, supra, 387 (adopting Anders
requirements).
It is well established that habeas corpus cannot be used as an alternative to a direct appeal. Payne v. Robinson, 207 Conn. 565,569, 541 A.2d 504 (1988); Galland v. Bronson, 204 Conn. 330, 333,527 A.2d 1192 (1987); Smith v. Barbieri, 29 Conn. App. 817, 819,618 A.2d 567 (1993). "[H]abeas review of constitutional claims never raised in the trial court, in violation of [the] rules of practice, would thrust too great a burden on [the] criminal justice system." Johnson v. Commissioner, 218 Conn. 403, 417,589 A.2d 1214 (1991).
To determine the reviewability of habeas claims not properly pursued on direct appeal, Connecticut applies the cause and prejudice standard articulated in Wainwright v. Sykes, 433 U.S. 72
(1977). The cause and prejudice standard requires the petitioner to make a showing of cause for the defendant's failure to raise his claim at the proper time at trial or on direct appeal and to make a showing of actual prejudice. Jackson v. Commissioner ofCorrection, 227 Conn. 124, 131-32, 629 A.2d 413 (1993).
In the present case, the petitioner first argues that his CT Page 1716 constitutional rights were violated in that: the trial court erred in allowing testimony by both victims about prior conduct by the defendant; the trial court erred in allowing cross examination of a defense witness in areas that were beyond the scope of direct examination; the state's attorney withheld exculpatory evidence in violation of General Statutes 54-86 (c); the evidence at trial was not sufficient to sustain a conviction of sexual assault in the second degree; the appellate court erred by not overturning count eight, risk of injury to a minor, after it overturned count five, sexual assault in the first degree and count seven, sexual assault in the third degree; and that the trial court erred in allowing state witness Cheryl Potter to testify from notes that were not in evidence.
In the petitioner's second addendum, he alleges that his constitutional rights were violated in that the evidence was not sufficient to constitute a finding of guilty by the jury.
These claims, primarily alleged errors by the trial court, are properly raised on direct appeal, and not by a habeas corpus proceeding. See McIver v. Warden, 28 Conn. App. 195, 197,612 A.2d 103 (1992) (holding allegations of prosecutorial misconduct and allegations of insufficient and erroneous trial court instructions properly raised at trial or on direct appeal); Daniels v. Warden,28 Conn. App. 64, 71-72, 609 A.2d 1052 (1992) (determining petitioner must show "cause and prejudice" when raising claims for first time before habeas court).
The petitioner has failed to demonstrate any reason why these, claims were not previously challenged and what prejudice resulted from these claims. There is "no reason why the petitioner could not have advanced these constitutional arguments at the time of his appeal." Giannotti v. Warden, 26 Conn. App. 125, 128, 599 A.2d 26
(1991). Furthermore, although the petitioner provides a comprehensive review of Connecticut case law, his analysis fails to raise any non-frivolous issues as to why these claims were not raised on direct appeal. However, even if the petitioner could show why these claims were not raised on direct appeal, the petitioner has failed to demonstrate that these claims are non-frivolous.
On the other hand, petitioner's allegations of ineffective assistance of counsel are properly raised by a petition for habeas corpus. Lozada v. Warden, 223 Conn. 834, 845, 613 A.2d 818
(1992). The petitioner alleges that he was not adequately CT Page 1717 represented by counsel in that: trial counsel failed to preserve the defendants constitutional and statutory rights during trial; trial counsel failed to object to evidence offered by the state; trial counsel offered harmful rebuttal testimony by the defendant; trial counsel introduced evidence that was prejudicial to the defendant; and that appellate counsel did not properly prepare an appeal to address all the issues which were violative of defendant's constitutional and statutory rights.[1]
A. Petitioner's Ineffective Assistance of Counsel Claim
"The right to the effective assistance of counsel is firmly grounded in the mandates of the sixth amendment to the United States constitution, the fourteenth amendment to the United States constitution, and article first, section 8, of the Connecticut constitution. The right to counsel is the right to effective assistance of counsel. . . ." (Citations omitted.) State v. Mason,186 Conn. 574, 577, 442 A.2d 1335 (1982). The right to counsel, however, is the right to effective assistance and not the right to perfect representation. Commissioner of Correction v. Rodriguez,222 Conn. 469, 478, 610 A.2d 631 (1992).
The Connecticut Supreme Court has adopted the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668 (1984) to evaluate ineffective assistance of counsel claims. Copas v.Commissioner of Correction, 234 Conn. 139, 154, 662 A.2d 718
(1995); Ostolaza v. Warden, 26 Conn. App. 758, 761, 603 A.2d 768
(1992).
The test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Strickland v. Washington,466 U.S. 668, 694 (1984); Phillips v. Warden, 220 Conn. 112, 132,595 A.2d 1356 (1992). "Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted). Fair v. Warden,211 Conn. 398, 402. 559 A.2d 1094 (1989) quoting Strickland v.Washington, supra, 466 U.S. 687.
The petitioner has the burden of identifying the acts or' omissions of counsel that are alleged not to have been the result, of reasonable professional judgment. Strickland v. Washington,
CT Page 1718 supra, 690; Quintana v. Warden, 220 Conn. 1, 5, 593 A.2d 964
(1991). The court must then determine, whether, in light of all the circumstances, the identified acts or omissions were outside' the wide range of professionally competent assistance." Stricklandv. Washington, supra, 690; Fair v. Warden, 211 Conn. 398, 402-03,559 A.2d 1094 (1989); State v. Talton, 197 Conn. 280, 297,97 A.2d 35 (1985). Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance.[2] Strickland v. Washington, supra, 689;Quintana v. Warden, 220 Conn. 1, 5, 593 A.2d 964 (1991).
This Court finds, after reviewing the entire file and reading the petitioner's memorandum, the petitioner has failed to provide any evidence to substantiate his claims. Furthermore, a thorough review of the trial transcript has failed to demonstrate that there are non-frivolous claims of ineffective assistance of counsel. Moreover, the investigator authorized by the special public defender to investigate the petitioner's claims has conducted numerous interviews and has followed several leads provided by the petitioner, but has not discovered any non-frivolous issues worthy of an appeal.
Accordingly, this Court grants the special public defender's motion to withdraw. In addition, this Court denies Petitioner's request to have a new special public defender appointed to represent him in this case. Petitioner, may, however, represent himself in this case, or be represented by private counsel, if he chooses to do so. If petitioner chooses to withdraw his case, he should write a letter to the clerk, Mr. Eli Short, and advise him; of that decision.
BY THE COURT,
__________________________ Hon. Jonathan J. Kaplan